UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DI LORETO, M.D.
      Plaintiff,

vs.                                     Case No.

UNUM LIFE INSURANCE COMPANY      HON.
OF AMERICA,

      Defendant.

---

Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503
Telephone:  616/235-2300
Facsimile:   616/459-0137
Email:       thaney@troyhaneylaw.com

---

## COMPLAINT

Plaintiff, Robert Di Loreto, M.D., by his attorney, Troy W. Haney of Haney Law Office, P.C., and for his complaint against defendant, states as follows:

### Nature and Action and Jurisdiction

1. This is a civil complaint brought by Plaintiff, Robert Di Loreto, M.D. ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling defendant to provide certain disability insurance benefits in amounts and at the coverage levels promised and for an

      accounting, recovery of damages, costs and attorney fees incurred as a consequence of defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

## Parties and General Allegations

4. At all relevant times, Plaintiff, Robert Di Loreto, M.D., was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the Michigan Institute of Urology Welfare Benefit Plan ("the Plan") provided by the Michigan Institute of Urology its eligible employees, including Plaintiff, administered and funded by three different insurance policies issued by defendant, Unum Life Insurance company of America (Unum) to the Michigan Institute of Urology providing group short term and long term disability benefits policy no. 150507 011.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by the Michigan Institute of Urology and funded by the above-referenced insurance policies issued by Unum. As such, Unum is the proper party to defend this matter and the sole entity responsible for the payment of claimed benefits set forth below.

6. At all relevant times, Unum was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Unum acted as a claims administrator and as a fiduciary for the Plan and exercised authority and control over the payment of

      long term disability benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-1(h)(1), Unum, therefore, functioned as an administrator for claims procedure purposes.

7. The Unum policies under which benefits are provided to Plaintiff is subject to MCR R 500.2201-2202 providing that "a discretionary clause" included in a policy of insurance provided in Michigan is "void and of no affect". MAC R 500.2202. Therefore, the controlling policy in this matter does not provide for discretionary review and the standard of review in this matter is *de novo*.

## Facts

8. The Plaintiff is presently 67 years old and is a Medical Doctor licensed by the State of Michigan in 1976 and is Board Certified in Urology. By occupation, the Plaintiff is a urological surgeon and was a founding partner of the Michigan Institute of Urology located in St. Clair Shores, Michigan, until his last day of work on May 31, 2016.

9. In approximately 2010, the Plaintiff began to experience back pain which radiated into his buttocks and legs. He was subsequently diagnosed with the following medical conditions:

- L4-L5 spondylothesis lumbar spine
- Spondylothesis with radiculopathy
- Connective tissue stenosis of neural canal lumbar region
- Facet arthropathy lumbar spine
- Foraminal stenosis lumbar spine
- Broad disc protrusion L4-L5

10. As a result of the above-described medical conditions, the Plaintiff experiences persistent and chronic low back pain, pain in back radiating into his lower extremities aggravated by standing and bending.

11. In accordance with his employment contract, the Plaintiff applied for short term disability benefits, which clam was denied by Unum on August 1, 2016, on the basis that the "*medical records provided fail to illustrate specific medical exam findings to support any restrictions that would prevent your client form performing the material and substantial duties of his regular occupation on a full time basis as of June 1, 2016.*"

12. The Plaintiff's treating physicians, all Board Certified, have advised as follows:

| DATE | PHYSICIAN/FACILITY | OFFICE NOTE/IMPRESSION/FINDINGS |
| --- | --- | --- |
| 05/12/2016 | Dr. Frank Pollina<br>Board Certified: Physical Medicine and Rehabilitation | "He continues to demonstrate signs and symptoms of lumbar stenosis and bilateral symptoms. These significantly restrict him from doing his job. I'm asking him to follow up with surgery. I would consider him disabled from being on his feet for a period of time." |
| 05/14/2016 | Dr. Richard Fessler<br>Board Certified: Neurological Surgery | "From my perspective, it would be my recommendation that he not engage in heavy lifting or strenuous exercise. He currently is unable to wear lead in the OR secondary to exacerbation of his radiculopathy." |
| 05/16/2016 | Dr. Christopher Lee<br>Board Certified: Orthopaedic Surgery | "He has failed all forms of nonoperative treatment and it is my opinion that he would be unable to continue to work as a urological surgeon with his current level of back symptoms and back involvement. I do not think at this point he is a surgical candidate, but his symptoms would not be relieved unless he discontinues working at such a high level of activity." |
| 05/18/2016 | Dr. Devon Hoover<br>Board Certified: Neurological Surgery | "I do believe that he is disabled from returning to his job as a urologist which requires large amounts of standing and walking." |

13. On January 17, 2017, the undersigned submitted an administrative appeal of the short term disability decision providing Physician Statements of Disability signed by Dr. Frank Pollina and Dr. Devon Hoover each stating in part, "*It is my medical opinion as one of Dr. Robert Di Loreto's treating physicians that he is totally and permanently disabled from his own occupation as a Physician and Urological Surgeon and a return to his surgical duties would put patient care at risk.*"

14. The Plaintiff also consulted with vocational rehabilitation consultant, Dr. Robert Ancell, who stated in his October 12, 2016, report in part as follows:

    " –. From a vocational rehabilitation standpoint and based on the limitations that were identified by his doctors, Dr. Di Loreto is essentially restricted to sedentary activities and is totally unable to perform as a urologist. There is no creditable evidence to the contrary and in fact five separate doctors in a number of disciplines including physical medicine rehabilitation, neurosurgery and orthopedic surgery have all agreed that Dr. Di Loreto cannot perform the duties of a urological surgeon, which would fall in the light category of employment. Therefore, it is my professional opinion based on the totality of all of the information that he is totally unable to perform the material and substantial duties of a urologist based on his current diagnosis, which include L4-5 spondylolisthesis of the lumbar spine, spondylolisthesis with radiculopathy, connective tissues stenosis of the neuro lumbar region, facet arthrotomy of the lumbar spine, foraminal stenosis of the lumbar spine and broad based protrusion L4-5. –."

15. Defendant denied the above-referenced appeal on March 3, 2016, which was a final appeal decision advising that Plaintiff had "*the right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974.*"

16. As a result of the aforementioned wrongful action, Plaintiff's group waiver of life premium may also been wrongfully denied by operation of the decision to terminate disability benefits.

## COUNT I
### Claim for Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) against Defendant

17. Plaintiff incorporates paragraphs 1 through 16 above as if fully restated herein.

18. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of a plan.

19. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

20. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of his physicians and disabling medical conditions.

21. The failure and refusal of the Plan to pay the benefits owed Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

22. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

23. The actions of the Plan have caused damage to Plaintiff in the form of the denial of short term disability benefits and subsequent long term disability benefits and waiver of premium for life insurance benefits.

24. In addition, because the Plan denied the payment of Plaintiff's short term and long term disability benefits, Plaintiff became ineligible for other benefits provided

through his employment such as pension, medical benefits, and the waiver of group life insurance premiums.

## PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B. A full and accurate accounting by defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C. An Order compelling defendant to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D. An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E. Such other relief as may be just and appropriate.

Dated: June 14, 2017        /s/ Troy W. Haney
                            Troy W. Haney (P48614)
                            Haney Law Office, P.C.
                            Attorney for Plaintiff
                            330 East Fulton Street
                            Grand Rapids, MI 49503